# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 7, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| BARRY GEORGE JACKSON, | * | No. 15-492V |
| | * | Special Master Horner |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

Neal J. Fialkow, Neal Fialkow Esq, Pasadena, CA, for Petitioner.
Voris E. Johnson, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On May 13, 2015, Barry George Jackson ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to 34 (2012). Petitioner alleged that he suffered encephalitis, shoulder pain, brachial neuritis, GBS, joint pain, and headaches as a result of his receipt of the Tdap and varicella vaccinations he received on May 29, 2012. Petition at 1. On June 3, 2020, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF. No. 66).

On August 17, 2020, petitioner filed an application for attorneys' fees and costs. (ECF No. 69) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $93,126.85 (representing $80,586.00 in fees and $12,540.85 in costs). Fees App. at 1. Respondent responded

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

to the motion on August 18, 2020, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp. at 2 (ECF No. 70). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

## I.  Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a.  Hourly Rates

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, and 2020 can be accessed online.[3]

Petitioner requests that his attorney, Mr. Neal Fialkow, be compensated at an hourly rate of $484.00 per hour for all work performed in this case, from 2015 to 2020. For the reasons set forth below, I find these requested rates to be unreasonable and necessitating a reduction.

The requested hourly rates for 2015-2019 exceed the maximum allowable rate prescribed by the OSM Fee Schedules. Moreover, even if I found that $484.00 per hour was a reasonable rate for Mr. Fialkow's work in 2020, I would not find that it was reasonable for the proceeding years. I note that Mr. Fialkow has previously billed at, and been awarded, $425.00 per hour for his work through 2018. *Ingrassia v. Sec'y of Health & Human Servs.*, No. 13-10V, 2018 WL 6288179, at *2 (Fed. Cl. Spec. Mstr. Oct. 18, 2018). Additionally, retroactive rate increases are disfavored. *See, e.g. Ramirez v. Sec'y of Health & Human Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him."). Accordingly, I find that Mr. Fialkow should be compensated at $425.00 per hour for this work in this case from 2015-2018.

Concerning reasonable hourly rates for Mr. Fialkow's work in 2019 and 2020, I find that it is reasonable to award an increase, as Mr. Fialkow's rate has remained stagnant for several years. Mr. Fialkow has over forty years of total legal experience and has represented approximately two dozen petitioners in the Vaccine Program over the past twenty years. Based upon consideration of his credentials and the factors delineated in *McCulloch*, I find that it is reasonable to compensate Mr. Fialkow at the following hourly rates: $435.00 per hour for 2019 and $455.00 per hour for 2020. Application of these rates results in a reduction of $8,885.34.[4]

b. **Hours Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL

---

[3] The OSM Fee Schedules are available at: http://www.cofc.uscourts.gov/node/2914.

[4] 2015: ($484.00 requested - $425.00) awarded) * 29.08 hours billed = $1,715.72
2016: ($484.00 requested - $425.00) awarded) * 23.5 hours billed = $1,386.50
2017: ($484.00 requested - $425.00) awarded) * 31.0 hours billed = $1,829.00
2018: ($484.00 requested - $425.00) awarded) * 21.3 hours billed = $1,256.70
2019: ($484.00 requested - $435.00) awarded) * 45.58 hours billed = $2,233.42
2020: ($484.00 requested - $455.00) awarded) * 16.0 hours billed = $464.00

3

2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

Special masters have previously decreased an award of attorneys' fees for vagueness. *Mostovoy v. Sec'y of Health Human Servs.,* No. 02-10V, 2016 WL 720969 (Fed. Cl. Spec. Mstr. Feb.4, 2016); *Barry v. Sec'y of Health and Human Servs*., 12-39V, 2016 WL 6835542 (Fed. Cl. Spec. Mstr. Oct. 25, 2016) (reduced a fee award by 10 percent due to vague billing entries). An application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl.Ct. 751, 760 (1989). Petitioners bear the burden of documenting the fees and costs claimed. *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mast. July 27, 2009).

Upon review, I find the overall hours billed to be slightly excessive and therefore necessitating a small reduction. Rather than billing in tenths of an hour, as is customary by attorneys in the Vaccine Program, Mr. Fialkow appears to have billed in five-minute increments; however, he never billed less than 10 minutes for any task, no matter how simple. In prior cases, special masters have identified roughly the same amount of time, 0.2 hours, as overbilling for review of simple orders and e-mails. *See McMurty v. Sec'y of Health & Human Servs.*, No. 15-405V, 2018 WL 5276700, at *3 (Fed. Cl. Spec. Mstr. Sept. 26, 2018) (finding 0.2 hours to be an unreasonable minimum billing time); *Yang v. Sec'y of Health & Human Servs.*, No. 10-33V, 2013 WL 4875120, at *5 (Fed. Cl. Spec. Mstr. Aug. 22, 2013). The fact that almost all such entries are vague with regard to the topic of the communication also complicates my ability to assess the reasonableness of the communication. Other examples of excessive billing include preparing status reports (e.g., 85 total minutes to prepare a one page status report on 9/23/26, 75 minutes to prepare a 2 page status report on 3/8/19, 105 minutes to prepare a 3 page status report on 10/10/29, 120 minutes to prepare a 2 page status report on 12/3/19). Further, the billing records are replete with entries for "memo to file" without any indication of the nature or purpose of these memos, for a total of approximately 630 minutes (or 10.5 hours).

Accordingly, I find that a five percent overall reduction to the requested attorneys' fees is required to account for these issues. This results in a reduction of $3,585.03. Petitioner is therefore awarded final attorneys' fees of $68,115.63.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $12,540.85 in attorneys' costs, comprised of acquiring medical records, postage, and work performed by petitioner's medical expert, Dr. Evgeny Tsimerinov. Fees App. at 48. Petitioner has provided adequate documentation of the requested costs and they appear to be reasonable in my experience. Petitioner is therefore awarded the full amount of costs sought.

## II.    Conclusion

Based on all the above, I find that petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested | $80,586.00 |
| (Reduction to Fees) | - ($12,470.37) |
| **Total Attorneys' Fees Awarded** | **$68,115.63** |
| | |
| Attorneys' Costs Requested | $12,540.85 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$12,540.85** |
| | |
| **Total Attorneys' Fees and Costs** | **$80,656.48** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs, other than the reductions delineated above, is reasonable. I find it reasonable to compensate petitioner and his counsel as follows: **a lump sum in the amount of $80,656.48, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Neal Fialkow.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

s/Daniel T. Horner
Daniel T. Horner
Special Master

---

[5] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).